IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MORRICE LOGISTICS, LTD., | § | |
| 882819 ONTARIO, LTD., d/b/a | § | |
| MORRICE TRANSPORTATION, | § | |
| LTD., | § | |
| | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | EP-10-CV-417-KC |
| | § | |
| INTRANSIT INC., d/b/a UTI | § | |
| TRANSPORT SOLUTIONS, INC., | § | |
| SOLARES TRUCKING, | § | |
| | § | |
|    Defendants. | § | |

## ORDER

On this day, the Court considered "Plaintiffs' Motion to Remand and Request for Attorneys' Fees and Expenses" ("Motion"), ECF No. 6. For the reasons set forth herein, the Motion is **GRANTED** in part and **DENIED** in part.

## I.    BACKGROUND

This case stems from a shipment of television sets, belonging to VIZIO, Inc., which were purportedly stolen while in transit and in the possession of Solares Trucking ("Solares"). Notice of Removal Ex. A. ("Petition"), at 3, ECF No. 1. In their Petition, Plaintiffs aver that, on or about December 30, 2009, Defendant UTI Transport Solutions, Inc. ("UTI"), a logistics company that arranges the movement of goods, faxed to Plaintiff Morrice Transportation, Ltd. ("Morrice Transportation") a "dispatcher's contract" to arrange the shipment of the VIZIO television sets from El Paso, Texas to a Walmart facility in Mississauga, Ontario, Canada. *Id.* at 3-4. Morrice

-1-

Transportation forwarded the agreement to Plaintiff Morrice Logistics, Ltd. ("Morrice Logistics") which secured the services of Solares to transport the cargo. *Id.* at 4. On or about January 4, 2010, Solares's trailer containing the televisions was stolen. *Id.* at 5. UTI has approached Solares and its cargo carrier seeking compensation for the loss; but, because Solares's insurance policy limit is $100,000, UTI seeks additional coverage from Morrice Logistics. *Id.* at 7. According to the Petition, UTI faults Morrice Logistics for the loss of the load and believes that, based upon the non-brokering provision of the dispatcher's contract, Morrice Transportation, and not Solares, owes it the value of the stolen VIZIO televisions. *Id.* Plaintiffs dispute that either Morrice Logistics or Morrice Transportation is liable for the loss, and seek a declaratory judgment that

> under the course of dealing, the applicable bill of lading governing the subject trailer load of television sets that was stolen while in Solares Trucking's possession in El Paso County[,] and all governing provisions of the Carmack Amendment[, 49 U.S.C. § 14706,] that sole and exclusive liability for the trailer and the contents stolen on or about January 4, 2010, rests squarely with Solares Trucking.

*Id.* at 5-6.

In addition, Plaintiffs have asserted a cause of action against UTI for suit on sworn account in the amount of $99,050. *Id.* at 7. Between August 2009 and January 2010, Morrice Logistics brokered twenty-four loads for UTI. *Id.* at 4-5. Morrice Logistics invoiced UTI for services. *Id.* at 4. During this relationship between Morrice Logistics and UTI, UTI developed an account arrearage of $99,050. *Id.* According to the Petition, UTI does not dispute that it owes this amount; nevertheless, it refuses to pay. *Id.* at 4-5.

Plaintiffs therefore seek a declaratory judgment that "by reason of UTI's failure to show that Morrice Logistics is liable subject to the provisions of the Carmack [Amendment] or subject

to any other theory of liability, UTI's retention of monies owed to Plaintiff should not be permitted to persist." *Id.* at 8.  Plaintiffs alternatively assert causes of action for breach of contract and quantum meruit and seek attorneys' fees.  *Id.* at 8-9.

Plaintiffs assert, and Defendants do not dispute, that Morrice Logistics and Morrice Transportation are foreign limited companies organized under the laws of Canada, that UTI is a corporation organized under the law of the state of Oregon, and that Solares is a corporation organized under the laws of the state of Texas.  *Id.* at 2.

On October 8, 2010, Plaintiffs filed their Original Petition in County Court at Law Number Six in El Paso County, Texas.  *Id.* at 1.  Defendant UTI removed the instant case to this Court on November 17, 2010, stating that this Court has jurisdiction over this action based upon the Court's diversity subject matter jurisdiction because all plaintiffs were diverse from all defendants and that the amount in controversy exceeded $75,000.  Notice of Removal 3-5. Plaintiffs filed their Motion to Remand on December 10, 2010, arguing that the case was wrongly removed because the forum-defendant rule precluded the removal of their case to federal court.  Mot. 3.   They also seek attorneys' fees for wrongful removal.  *Id.* at 6-7.

## II.    DISCUSSION

### A.    Standard

A defendant may remove a case to the federal district court in the division embracing the place where such action is pending in state court if the district court has original jurisdiction over the matter and the removal procedure has been properly followed.  28 U.S.C. § 1441 (2006).  A federal court has subject-matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between .

. . citizens of different States."  28 U.S.C. § 1332(a) (2006).  However, pursuant to 28 U.S.C. §

1441(b) "[a]ny other such action [of which the district courts have original jurisdiction] shall be

removable only if none of the parties in interest properly joined and served as defendants is a

citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  The removal statutes

are to be construed strictly against removal and in favor of remand.  *Willy v. Coastal Corp.*, 855

F.2d 1160, 1164 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

A motion to remand may be resolved in one of two ways.  *Smallwood v. Ill. Cent. R.R.

Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  First, and most common, the court may analyze a motion

to remand under a standard similar to that used to review motions brought pursuant to Federal

Rule of Civil Procedure 12(b)(6).  *Id.*; *see Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir.

2005).  That is, the motion is analyzed with reference to well-pleaded allegations in the

complaint to determine whether or not the plaintiff has stated a claim, and read leniently in favor

of remand.  *Smallwood*, 385 F.3d at 573; *Boone*, 416 F.3d at 388.  Alternatively, in those few

cases where the plaintiff has stated a claim but misstated or omitted discrete facts that would

determine the propriety of joinder, the district court may, in its discretion, conduct a summary

inquiry.  *Smallwood*, 385 F.3d at 573.  In such cases, the district court may also allow limited

remand-related discovery.  *Id.; Boone*, 416 F.3d at 388.

### B.      Improper Joinder

In this case, all Plaintiffs are diverse from all Defendants and the amount in controversy is

greater than $75,000 such that the Court could exercise diversity jurisdiction over this case.

However, as Plaintiffs explain, and UTI does not dispute, Solares is a citizen of Texas, thus,

according to Plaintiffs, remand is proper under the forum-defendant rule.  Mot. 4.  Defendant

UTI counters simply that Plaintiffs have improperly joined Solares as they have alleged no claims or causes of action against it. Resp. 4, ECF No. 10;  Def. UTI's Reply to Pls.' Resp. to Def. UTI's Rule 12(b)(2), 12(b)(3) Mot. to Dismiss 2, ECF No. 11.

To establish improper joinder the burden is on the removing party to prove either: (1) actual fraud in the pleading of jurisdictional facts, or (2) that there is no possibility that the plaintiff could establish a cause of action against the in-state defendant in state court.  *Boone*, 416 F.3d at 389; *Hart v. Bayer Corp.*, 199 F.3d 239, 246-47 (5th Cir. 2000); *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997); *see also Smallwood*, 385 F.3d at 571 n.1 (noting change in name from "fraudulent joinder" to "improper joinder"); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (noting that the burden of proving fraudulent joinder is on the removing party).  Under the second method of proving improper joinder, the analysis relevant here, defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant."  *Smallwood*, 385 F.3d at 573.  However, "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder."  *Id.* at 573 n.9.  "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."  *B., Inc.*, 663 F.2d at 549.  The task of the court is not to determine whether the plaintiff will actually or probably prevail on the merits of the claim. *Rodriguez*, 120 F.3d at 591.  Rather, the court looks only for a possibility that the plaintiff may prevail.  *Id.*

UTI contends only generally that Plaintiffs do not seek any relief from Solares in their Petition.  *See* Resp. 4.  Plaintiffs counter that they do, seeking a declaratory judgment setting forth Solares's liability for the stolen televisions.  Reply 4.  Upon a review of the Petition, it is

obvious that Plaintiffs have indeed asserted a declaratory judgment claim against Solares.

Specifically, Plaintiffs state in their Petition:

> Additionally, Morrice Logistics and Morrice Transportation seek a declaratory
> judgment declaring that under the course of dealing, the applicable bill of lading
> governing the subject trailer load of television sets that was stolen while in
> Solares Trucking's possession in El Paso County[,] and all governing provisions
> of the Carmack Amendment[, 49 U.S.C. § 14706,] that sole and exclusive liability
> for the trailer and the contents stolen on or about January 4, 2010, rests squarely
> with Solares Trucking.

Pet. 5-6.

UTI has simply ignored the existence of this claim.  It advances no argument nor citation to legal

authority to show the lack of a reasonable basis to predict Plaintiffs' recovery on the declaratory

judgment.  Accordingly, UTI has failed to meet the "heavy burden" placed upon it as the party

seeking to demonstrate improper joinder." *See B., Inc*., 663 F.2d at 549.

Even if UTI intended to challenge the possibility of Plaintiffs' prevailing on their

declaratory judgment claim against Solares when they stated that Plaintiffs have asserted no

claim against Solares, the Court still finds that UTI has not shown that there is no reasonable

basis for the court to predict that the plaintiff might be able to recover against Solares.  The

Texas Uniform Declaratory Judgments Act empowers Texas courts "to declare rights, status, and

other legal relations whether or not further relief is or could be claimed."  Tex. Civ. Prac. & Rem.

Code § 37.003 (West 2010).[1]  The Act's purpose is "to settle and to afford relief from uncertainty

---

[1] Plaintiffs filed their Petition in Texas state court asserting claims under the
Texas Uniform Declaratory Judgments Act, among other bases for relief. "When
a declaratory judgment action filed in state court is removed to federal court, that
action is in effect converted into one brought under the federal Declaratory
Judgment Act, 28 U.S.C. §§ 2201, 2202." *Redwood Resort Props., LLC v.
Holmes Co.*, Civ. Action No. 3:06-CV-1022-D, 2007 WL 1266060, at *4 (N.D.
Tex. Apr. 30, 2007) (citing *i2 Techs. US, Inc. v. Lanell*, No. CIV.A. 302
CV0134G, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002)). Although
this is the general rule, in this case, the issue is whether Plaintiffs can prevail on
a claim against Solares in state court.  Therefore, the court must analyze the

and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered." *Id.* § 37.002. "When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding." *Id.* § 37.006.

Moreover, to be entitled to a declaratory judgment under Texas law, a party must show that "a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). To be justiciable, there must be "a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Id.* Furthermore, "[a] declaratory judgment, by its nature, is forward looking; it is designed to resolve a controversy and prevent future damages. It affects a party's behavior or alters the parties' legal relationship on a going-forward basis." *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 660 (Tex. 2009). Moreover, if the resolution of a controversy "depends upon contingent or hypothetical facts, or upon events that have not yet come to pass," it is not ripe for review. *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 443 (Tex. 1998).

Here, Plaintiffs have set forth facts alleging business relationships that they maintained with both UTI and Solares regarding the shipment at issue in this case, as well as other transactions. Plaintiffs have also asserted that the televisions were in Solares's possession when they were stolen, that UTI is holding Plaintiffs responsible for the missing televisions, that UTI has discussed with Solares Solares's liability for the stolen televisions, and that UTI is withholding money from Plaintiffs for an amount in excess of Solares's insurance policy. Based

claim under Texas rather than federal law.

-7-

upon these facts, the Court finds that there exists a genuine dispute among Plaintiffs and Solares as to which entity bears responsibility to UTI for the stolen televisions.  A declaratory judgment would determine "the rights, status, and other legal relations" between Plaintiffs and Solares with regard to such liability to UTI.  This is particularly so given UTI's attempts to recover, in some form, from both Plaintiffs and Solares, as set out by Plaintiffs in the Petition.

Further, the facts supporting the declaratory judgment have come to pass; they are not hypothetical or contingent.  The operative documents and business relationships surrounding this attempted shipment have already been formed, the shipment was apparently attempted, the televisions have been stolen, and UTI has sought recovery.  UTI has not shown that there is no reasonable basis for the Court to predict that Plaintiffs cannot prevail on their declaratory judgment claim against Solares.

C.     **Attorneys' Fees**

Plaintiffs also seek attorneys' fees.  Mot. 6-7.  According to 28 U.S.C. § 1447(c), a plaintiff may recover attorneys' fees if the defendant did not have objectively reasonable grounds to believe removal was proper.  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000).  Here, UTI only reiterates its argument that Plaintiffs have not asserted any cause of action against Solares to show such objectively reasonable grounds.  Resp. 7.  UTI's contention is weak, given the existence of the declaratory judgment claim in the Petition.  Nevertheless, the Court finds that there was an objectively reasonable basis for removal because it is arguable that Plaintiffs would be unable to prevail on the declaratory judgment action given the facts in the Petition.  Attorneys' fees are inappropriate.

**III.**      **CONCLUSION**

  For the reasons set forth above, the Motion is **GRANTED** in part and **DENIED** in part.

The case shall be **REMANDED** to County Court at Law Number Six in El Paso County, Texas.

The Clerk shall close the case.

  **SO ORDERED**.

  **SIGNED** on this 5th day of April, 2011.


KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE